UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Calvin Clark,

       Petitioner,                          Case Number: 24-10681
                                                 Honorable Linda V. Parker

v.

Swanson, et al.,

       Respondent.

_____/

## OPINION AND ORDER (1) DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE, (2) DENYING PETITIONER'S MOTIONS, AND (3) DENYING CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS

Calvin Clark is a pretrial detainee incarcerated at the Genesee County Jail. He seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Clark also has filed a motion for temporary restraining order (ECF No. 5) and a request to remove the case from state court (ECF No. 6).

The Court is dismissing Clark's petition without prejudice because consideration of the petition would interfere with ongoing state criminal proceedings, and he has not exhausted his state court remedies. The Court denies Clark's motion for temporary restraining order and his request for removal of the criminal charges filed against him by the State of Michigan to federal court. The Court also declines to issue a certificate of appealability and denies Clark leave to proceed on appeal in forma pauperis.

## I.  Background

Clark is charged in Genesee County Circuit Court with assault with intent to murder, Mich. Comp. Laws § 750.83, assault with intent to do great bodily harm less than murder, Mich. Comp. Laws § 750.84, domestic violence, Mich. Comp. Laws § 750.81(2), forced labor, Mich. Comp. Laws § 750.462b, two counts of torture, Mich. Comp. Laws § 750.85, and lying to a peace officer, Mich. Comp. Laws § 750.479c.  A review of the state court's publicly available docket shows that at least two trial dates have been adjourned.  Most recently, on February 5, 2024, the trial court granted Clark's motion to adjourn the jury trial and indicated a revised scheduling order would be issued forthwith.  It is not clear whether a new trial date has been set.

Clark's Petition is not a model of clarity.  As best the Court can discern, Clark asserts that the criminal complaint and arrest warrant are deficient in numerous ways, including that they lack date and time stamps and were not signed by the clerk of court.  He also argues that the prosecutor engaged in multiple instances of misconduct including making unauthorized entries in the court's computer system.  Clark further maintains that prosecutors, district court judges, and public defenders have colluded to maintain and validate case records in a manner contrary to state law.

## II.  Standard

Upon the filing of a habeas corpus petition, the Court must examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The Rules Governing Section 2254 cases may be applied at the discretion of the district court judge to petitions not filed under § 2254. *See* Rule 1(b), Rules Governing Section 2254 Cases.

### III. Discussion

Title 28 U.S.C. § 2241 "establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, [but] the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). Federal courts should not interfere with pending state criminal proceedings where (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; and (3) the petitioner has an adequate opportunity in the state proceeding to raise constitutional challenges. *Hill v. Snyder*, 878 F.3d 193, 206

3

(6th Cir. 2017).  The Sixth Circuit recognizes three exceptions where a federal court may consider a pre-trial habeas petition: the petitioner seeks a speedy trial and available state-court remedies have been exhausted; the petitioner seeks to avoid a second trial on double jeopardy grounds; and the petitioner faces prejudice from retrial based on ineffective assistance of counsel.  *See Hill v. Welsh*, No. 21-1759, 2022 WL 17493380, at *1 (6th Cir. June 24, 2022) (citing *Atkins*, 644 F.2d at 546; *Delk v. Atkinson*, 665 F.2d 90 (6th Cir. 1981); and *Turner v. Tennessee*, 858 F.2d 1201, 1208-09 (6th Cir. 1988), *vacated on other grounds* 492 U.S. 902 (1989)).

Here, the three conditions for abstention are present.  First, Clark has an ongoing state criminal case pending in the Genesee County Circuit Court.  Second, state court criminal proceedings "implicate the important state interests of interpreting statutes and maintaining law and order within a state."  *Folley v. Banks*, No. 20-3554, 2020 WL 9813535, at *2 (6th Cir. Aug. 31, 2020).  Third, state court criminal proceedings provide an adequate opportunity for Clark to raise his constitutional challenges.  Clark has alleged no facts to show that he is or will be unable to raise constitutional claims in the state court.  *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 16 (1987) ("[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of

4

unambiguous authority to the contrary.").  Finally, Clark does not assert speedy trial or double jeopardy claims; nor does he claim to face prejudice from retrial arising from ineffective assistance of counsel.  Abstention is therefore appropriate in this case.

Additionally, and alternatively, Clark fails to allege that he has satisfied the exhaustion requirement.  A state prisoner must exhaust state court remedies before seeking federal habeas relief.  *Atkins*, 644 F.2d at 546.  The exhaustion requirement applies to petitions filed by pretrial detainees.  *Klein v. Leis*, 548 F.3d 425, 429 n. 2 (6th Cir. 2008); *see also Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489-90 (1973) (finding that a § 2241 petitioner was entitled to raise his habeas claim in part because he had "exhausted all available state remedies as a prelude to this action"); *Winburn v. Nagy*, 956 F.3d 909, 913 (6th Cir. 2020) (affirming denial of certificate of appealability for failure to exhaust).  Clark does not allege that any of the legal arguments that he raises in his petition have been raised in the state trial court, the Michigan Court of Appeals, or Michigan Supreme Court.

In sum, Clark fails to allege facts indicating that any of the exceptions to the abstention doctrine apply here or that extraordinary circumstances warrant the Court's intervention in his state criminal case.  Moreover, Clark does not claim to have exhausted available state court remedies before seeking federal habeas relief. This habeas action is therefore premature and must be dismissed.

### IV.  Motion for Removal

Clark requests removal of his state court criminal prosecution to federal court.  Removal of state-court criminal prosecutions is permissible only in "rare circumstances." *Thurmond v. Southfield Police Dep't*, No. 17-11148, 2017 WL 5892229, at *1 (E.D. Mich. Apr. 20, 2017) (citing 28 U.S.C. §§ 1443, 1455).  As a procedural matter, the party seeking removal of a state-court criminal case must file "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."  28 U.S.C. § 1455(a).  As a substantive matter, a state-court criminal case is eligible for removal under § 1443(1) only if the defendant seeking removal satisfies two requirements.  First, the defendant must have been denied a right arising under a federal law "that provides for specific civil rights stated in terms of racial equality." *Conrad v. Robinson*, 871 F.2d 612, 615 (6th Cir. 1989).  Second, "the defendant must be unable to or be denied the opportunity to enforce these specified federal rights in the courts of the state in question." *Id.*  "Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state

court." *City of Greenwood v. Peacock*, 384 U.S. 808, 828 (1966); *Conrad v. Robinson*, 871 F.2d 612, 615 (6th Cir. 1989) (quoting *Peacock*, 384 U.S. at 828).

Clark fails to show that removal is appropriate under § 1443 because he makes no claim that he cannot enforce the right to racial equality in the state court proceeding.  While Clark asserts that the district court, prosecutor, and public defender have violated his constitutional rights, he does not contend that these alleged violations amount to infringements of "specific civil rights stated in terms of racial equality." *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975).  Clark also has not shown that that his is a "rare situation[] where it can be clearly predicted . . . that [his] rights will inevitably be denied" by bringing him to trial. *Peacock*, 384 U.S. at 828.

The Court denies the request for removal because it "appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted." 28 U.S.C. § 1455(b)(4).

## V.  Motion for Temporary Restraining Order

Clark seeks a temporary restraining order prohibiting state prosecutors "from entering liens into the 'Automated Case Management System,'" permanently enjoining the Genesee County Sheriff from detaining individuals "without proper computer entries," and enjoining any lien not procured by a proper authority. (ECF No. 5 at PageID. 47-48.)

7

The Sixth Circuit apples the same standard to a motion for a temporary restraining order (TRO) and a motion for a preliminary injunction. *Summit Cnty. Democratic Cent. & Exec. Comm. v. Blackwell*, 388 F.3d 547, 550 (6th Cir. 2004). Under this standard, the factors are whether: (1) the movant has a strong likelihood of success on the merits, (2) the movant would suffer irreparable injury absent a TRO or preliminary injunction, (3) granting the TRO or preliminary injunction would cause substantial harm to others, and (4) the public interest would be served by granting the TRO or preliminary injunction. *Ne. Ohio Coal. for Homeless & Serv. Emps. Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006). As the Court has determined that the petition must be dismissed, there is no chance of success on the merits and a TRO is inappropriate.

## VI. Certificate of Appealability

Before Clark may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b); *see also Winburn v. Nagy*, 956 F.3d 909, 911-912 (6th Cir. 2020) (holding that a state pre-trial detainee must obtain a certificate of appealability to appeal the denial of a § 2241 habeas petition). A certificate of appealability may issue only if a habeas petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists

would find the court's assessment of the constitutional claim debatable or wrong.

*Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  When a court denies relief on

procedural grounds, a certificate of appealability should issue if it is shown that

jurists of reason would find it debatable whether the petitioner states a valid claim

of the denial of a constitutional right, and that jurists of reason would find it

debatable whether the court was correct in its procedural ruling.  *Id.*  Clark makes

no such showing.  Reasonable jurists would not find the Court's holding debatable.

A certificate of appealability is denied.

The Court also denies Clark leave to appeal *in forma pauperis* because an

appeal could not be taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P.

24(a)(3)(A).

Accordingly,

**IT IS ORDERED** that the petition for writ of habeas corpus is

**DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability and leave

to proceed on appeal in forma pauperis are **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's motion for temporary

restraining order (ECF No. 5) and request for removal (ECF No. 6) are **DENIED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: May 13, 2024

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 13, 2024, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager